**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| DONZELL GERALD,                               )<br>                                                             )<br>            Plaintiff,                              )<br>      v.                                                )     1:08-cv-706-DFH-TAB<br>                                                             )<br>INDIANA DEPARTMENT OF CORRECTION,  )<br>et al.,                                                    )<br>                                                             )<br>            Defendants.                        )  | |

**Entry Discussing Complaint, Dismissing Insufficient Claims,
and Directing Further Proceedings**

**I. Background**

Plaintiff Donzell Gerald ("Gerald") is incarcerated at the New Castle Correctional Facility, an Indiana prison. His complaint is brought pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his Eighth Amendment and Fourteenth Amendment rights through their deliberate indifference to his serious medical needs and failure to provide due process.

The defendants are the Indiana Department of Correction, Commissioner J. David Donahue, Superintendent of the New Castle Correctional Facility, GEO Corporation Group, New Castle Correctional Facility, Grievance Supervisor Ittenbach, Correctional Medical Services ("CMS"), Dr. Mitchell, Dr. Elton Amos, Dr. Sohail, Dr. Eli, Tami Strader, Hospital Administrators, nurse Brad, nurse Cynthia J. Sweejart, and nurse Kelly Carroll.

Gerald's 23 page complaint seeks class certification and a declaratory judgment that the policies, practices, acts, and omissions of defendants were unconstitutional. He also seeks injunctive relief requiring defendants to provide him with proper medical treatment and medical screenings and an order directing the defendants not to retaliate against him for bringing this action. Gerald requests that the defendants be ordered to develop and implement a comprehensive plan to correct their unlawful policies and to appoint a special master to review and implement the plan and protect plaintiff's rights. He also seeks monetary damages.

## II. Screening of Complaint

Even though many of the defendants have already appeared in the action, Gerald's complaint is subject to the screening required by 28 U.S.C. § 1915A(b). Pursuant to this statute, the court will dismiss the complaint or any claim within the complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To state a claim upon which relief can be granted, "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

The administrative defendants – Commissioner David Donahue, Superintendent of the New Castle Correctional Facility and Grievance Supervisor Ittenbach – are each sued only because of their supervisory position within the administrative hierarchy at New Castle Correctional Facility or because of their reliance on the medical judgment of actual medical providers. *See Greeno v. Daley,* 414 F.3d 645, 656 (7th Cir. 2005); *Perkins v. Lawson,* 312 F.3d 872, 875-76 (7th Cir. 2002). The claims against these defendants are therefore **dismissed** as legally deficient.

The claims against the Indiana Department of Correction and the New Castle Correctional Facility must be **dismissed** as legally insufficient because (1) the Indiana Department of Correction and the New Castle Correctional Facility are not "persons" subject to suit pursuant §1983, and (2) the State cannot be sued in federal court because of Indiana's Eleventh Amendment immunity. *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 788 (7th Cir. 1995).

Additionally, there are no allegations of misconduct associated with defendant Dr. Mitchell or Dr. Elton Amos. *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."). Claims against these defendants are **dismissed**.

The allegations against Hospital Administrators, Tami Strader and nurse Brad concerning "open hostility" and their mere presence on the unit fail to state a claim upon which relief can be granted. The claims against these defendants are **dismissed.**

The plaintiff alleges that GEO Corporation Group was given a lease to house inmates from Arizona at the New Castle Correctional Facility, but the plaintiff does not allege that the GEO Corporation Group had any contract or other responsibility to provide medical services to inmates. Any claim against this defendant is **dismissed** for failure to state a claim upon which relief can be granted.

There are no facts alleged in the complaint which would support a denial of due process claim.

Finally, the plaintiff's request that this action be certified as a class action is **denied.** As a pro se litigant, the plaintiff does not have the resources or training necessary to represent adequately a class by managing the legal or practical complexities associated with such a task. *See Fed.R.Civ.P.* 23(a).

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

### III.  Further Proceedings

The remaining claims are asserted against CMS, nurse practitioner Kelly Carroll, nurse Cynthia J. Sweejart, Dr. Sohail, and Dr. Eli. These defendants have already appeared in the action.

The defendants shall have **through February 17, 2009,** in which to file a motion for summary judgment based on the argument that Gerald failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), or to notify the court that this affirmative defense shall not be pursued. If such a motion is filed, the plaintiff shall have **thirty (30) days** in which to respond. The defendants shall then have **fifteen (15) days** in which to reply.

Except for activities associated with the development and resolution of the defendants' affirmative defense that the plaintiff failed to exhaust his administrative remedies prior to filing this action, or any other matter directed by the court, any other activities or deadlines in the action are **stayed.**

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 1/27/09

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS OTHER THAN DOCKETING AND DISTRIBUTION.**

Distribution:

James F. Bleeke
SWEETIN & BLEEKE PC
jim@sweetinbleeke.com

Jeb Adam Crandall
SWEETIN & BLEEKE PC
jeb@sweetinbleeke.com

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com

Ian T. Ramsey
STITES & HARBISON PLLC
iramsey@stites.com

DONZELL GERALD
DOC #851090
New Castle Correctional Facility
1000 Van Nuys Rd.
New Castle, IN 47362