UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DONZELL GERALD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 1:08-cv-706-DFH-TAB |
| ) | |
| INDIANA DEPARTMENT OF CORRECTION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motion for Summary Judgment**

Plaintiff Donzell Gerald is incarcerated at the New Castle Correctional Facility, an Indiana prison. His complaint is brought pursuant to 42 U.S.C. § 1983, alleging that the defendants violated his Eighth Amendment right to medical care related to his respiratory conditions. The defendants are Correctional Medical Services ("CMS"), nurse practitioner Kelly Carroll, nurse Cynthia J. Sweejart, Dr. Sohail, and Dr. Eli.

Defendants have moved for summary judgment. The question is whether, based on the evidence of record, there is any material dispute of fact that requires a trial. See *Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003). The motion for summary judgment must be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003), quoting FED. R. CIV. P. 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Defendants' motion must be granted in this case.

1.  Gerald alleges that he arrived at New Castle with chronic bronchitis that later developed into pneumonia. This condition was exacerbated by a riot which occurred on April 24, 2007 at the prison. Gerald was exposed to tear gas and pepper spray causing him to vomit, to sneeze up blood, and to have trouble breathing, and causing his eyes to water. Gerald requested medical care and was evaluated by medical personnel multiple times.

2.  Gerald seek relief pursuant to 42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997), citing *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979). Accordingly, the first step in any § 1983 claim is to identify the specific constitutional right infringed. *Albright v. Oliver,* 510 U.S. 266, 271 (1994). The pertinent constitutional provision for Gerald's claim is the Eighth Amendment's bar against cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). For an inmate

to state a claim under § 1983 for medical mistreatment or the denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

       3. The individual defendants are medical professionals – two nurses and two physicians. For a medical professional to be liable for deliberate indifference to an inmate's medical needs, the person must make a decision that represents "'such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.'" *Sain v. Wood,* 512 F.3d 886, 895 (7th Cir. 2008), quoting *Collignon v. Milwaukee County,* 163 F.3d 982, 988 (7th Cir. 1998); see also *Johnson v. Doughty,* 433 F.3d 1001, 1013 (7th Cir. 2006). Although the moving parties must initially identify the basis for their contention that no genuine issue of material fact exists, the non-moving party cannot rest on his pleadings but must produce his own evidence. *Hughes v. Joliet Correctional Ctr.,* 931 F.2d 425, 428 (7th Cir. 1991). In response to a properly supported motion for summary judgment, the burden is therefore on the non-movant to set forth "specific facts showing that there is a genuine issue for trial." *Eilana v. Trinity Hosp.,* 150 F.3d 747, 750 (7th Cir. 1998), quoting Fed. R. Civ. P. 56(e). To defeat the motion for summary judgment in the present case, Gerald needed to submit evidence showing a genuine issue of fact regarding whether the defendants were deliberately indifferent to his serious medical needs by having made a decision that represented such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the defendants actually did not base the decision on such a judgment.

       4. Gerald has opposed the defendants' motion for summary judgment, but not with evidentiary materials, and not by relying on the materials submitted by the defendants. "The nonmovant will successfully oppose summary judgment only when [he] presents definite, competent evidence to rebut the motion." *Vukadinovich v. Board of School Trustees,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted). Materials that do not comply with the standard of Rule 56(e) will be disregarded. *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003) ("a party's failure to comply with summary judgment evidentiary requirements is traditionally remedied . . . by excluding the non-conforming submission and deeming the opposing party's proposed findings of fact admitted and then determining whether those facts entitle the moving party to judgment as a matter of law"). The form of Gerald's response to the motion for summary judgment does not create a genuine issue of fact. See *Gilty v. Village of Oak Park,* 919 F.2d 1247, 1255 n.13 (7th Cir. 1990) (explaining that statements that are "neither notarized nor made under penalty of perjury [do] not comply with Rule 56(e) . . . As such, we can simply ignore them."). Based on this reasoning, Gerald has conceded the defendants' version of the facts. See *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997); *Johnson v. Gudmundsson,* 35 F.3d 1104, 1108 (7th Cir. 1994). This is the result of Local Rule 56.1(h), of which Gerald was notified. This rule does not alter the standard for assessing a Rule 56(c) motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

       5. The evidentiary record here shows the following undisputed facts:

       a. On December 7, 2006, Gerald was seen at a Chronic Care Visit for his chronic bronchitis, among other things. Gerald was continued on a series of inhalers

for his condition. Gerald was seen again in Chronic Care on May 12, 2007. At that time, his lungs were clear and he was continued on inhalers for his bronchitis.

   b.   Due to Gerald's complaints of excessive coughing, a chest x-ray was performed on July 11, 2007. Following the chest x-ray, Gerald was placed in the New Castle infirmary for observation and treatment. By July 25, 2007, Gerald's lungs were clear, he indicated he was feeling better, and he was continued on his various inhalers and other medications. Additional chest x-rays were performed on August 14, September 19, and October 18, 2007. Based on the x-ray results, Gerald was prescribed Bactrim on October 30, 2007, an antibiotic appropriate for his condition. Gerald was also discharged from the infirmary.

   c.   On January 1, 2008, Gerald was seen by medical personnel. He had previously been prescribed a Z-Pac and had been instructed to wear a mask for protection. Gerald was also prescribed Amikin, an antibiotic suitable for his condition.

   d.   Due to an increased temperature, Gerald was sent to Wishard Hospital for evaluation on January 13, 2008. While at Wishard, Gerald was prescribed various antibiotics and breathing treatments for his lung condition. Upon his return to New Castle around January 18, 2008, Gerald was once again admitted to the infirmary for treatment and evaluation. Over the next few months while in the infirmary and undergoing breathing treatments and antibiotics, Gerald's condition improved. Due to his improved condition, Gerald was discharged from the infirmary and back to the general population on March 18, 2008. Upon his discharge from the infirmary, Gerald was provided with the appropriate medications, including albuterol inhalers and a prophylactic antibiotic. Gerald's condition did not warrant a constant or an additional stay in the infirmary. Nor was Gerald's discharge from the infirmary based upon anything other than his improved medical condition.

   6.   When determining whether prison officials have been deliberately indifferent to an inmate's serious medical needs, a court examines the totality of an inmate's medical care. *Reed v. McBride,* 178 F.3d 849, 855 (7th Cir. 1999). The evidentiary record in this case negates the presence of the subjective state of mind required to show deliberate indifference, *i.e.,* that a defendant was "subjectively aware of [Gerald's] serious medical needs and disregarded an excessive risk that a lack of treatment posed to his health or safety." *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001). Similarly, Gerald offers no evidentiary basis to support a finding that the defendant individuals were not exercising reasonable professional judgment when assessing and treating his medical condition and needs. The medical care Gerald received may not have been entirely to his satisfaction, but the Constitution does not guarantee a prisoner's choice of a physician, a mode of treatment, or a place of treatment, *Jackson v. Fair,* 846 F.2d 811, 817 (1st Cir. 1988), nor does it (or could it) guarantee a particular outcome or level of comfort in the face of physical maladies.

7. CMS is also a defendant in the case, and plaintiff seeks to hold it liable for the actions of its employees. *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978), requires a plaintiff seeking to hold a municipal government liable for a constitutional violation to show that the violation was caused by a municipal policy, law, or custom. In other words, the tort doctrine of respondeat superior, holding employers vicariously liable for torts of their employees within the scope of their employment, does not apply to municipal governments. The Seventh Circuit has applied this doctrine to private corporations sued under § 1983. See *Iskander v. Village of Forest Park,* 690 F.2d 126, 128 (7th Cir. 1982); see also *Woodward v. Correctional Medical Services of Illinois, Inc.,* 368 F.3d 917, 927 (7th Cir. 2004) (private corporation may be held liable under § 1983 where constitutional violation is caused by corporate policy).[1]

In *City of Los Angeles v. Heller,* 475 U.S. 796 (1986), the Supreme Court held that a local government cannot be held liable for a constitutional deprivation allegedly brought about through an official policy or custom if a determination has been made that there was no constitutional violation committed by anyone in the first place. The undisputed facts here show that no individual defendant violated Gerald's Eighth Amendment rights in providing his medical care at New Castle. Under the reasoning of *Heller*, there is no viable § 1983 claim against CMS, regardless of the issue of vicarious liability. See *Treece v. Hochstetler*, 213 F.3d 360, 364 (7th Cir. 2000) ("it is well established in this Circuit that a municipality's liability for a constitutional injury requires a finding that the individual officer[ ] [is] liable on the underlying substantive claim").

8. Although "'federal courts must take cognizance of the valid constitutional claims of prison inmates,'" *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996), quoting *Turner v. Safley,* 482 U.S. 78, 84 (1987), Gerald has not supported his claim with evidence in this case. Gerald received constitutionally adequate medical care. Defendants' motion for summary judgment (dkt 29) is **granted**. Judgment consistent with this Entry shall now issue.

So ordered.

Date: June 23, 2009

DAVID F. HAMILTON, Chief Judge
United States District Court

---

[1] The Supreme Court has not adopted this rule for private corporations, and in the related context of qualified immunity, the Court has differentiated between government employees and private employees. See *Richardson v. McKnight*, 521 U.S. 399, 401 (1997) (private employees not entitled to qualified immunity). On the issue of corporate liability, most lower federal courts have followed the approach of the Seventh Circuit, but there is still room for debate in some circuits. See, *e.g., Cortlessa v. County of Chester*, No. Civ.A. 04-1039, 2006 WL 1490145, at *3, *4 (E.D. Pa. May 24, 2006); *Hutchison v. Brookshire Brothers, Ltd.*, 284 F. Supp. 2d 459, 472, 473 (E.D. Tex. 2003); *Taylor v. Plousis*, 101 F. Supp. 2d 255, 263 & n.4 (D.N.J. 2000); see also Karen M. Blum, Local Government Liability Under Section 1983, 784 PLI/Lit 145, 165-71 (2008) (collecting cases); Barbara Kritchevsky, Civil Rights Liability of Private Entities, 26 Cardozo L. Rev. 35, 73-77 (2004) (arguing that *Monell* standard should not apply to private entities).

Distribution:

Donzell Gerald
#851090
New Castle Correctional Facility
1000 Van Nuys Rd.
New Castle, IN 47362

James F. Bleeke
SWEETIN & BLEEKE, PC
jim@sweetinbleeke.com

Jeb Adam Crandall
SWEETIN & BLEEKE, PC
jeb@sweetinbleeke.com

Bruce Benjamin Paul
STITES & HARBISON, LLP
bpaul@stites.com

Ian T. Ramsey
STITES & HARBISON, LLC
iramsey@stites.com